[Cite as *In re K.S.*, 2016-Ohio-7587.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: K.S.
     K.S.

C.A. No.     28257

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 14-05-335

DECISION AND JOURNAL ENTRY

Dated: November 2, 2016

WHITMORE, Judge.

{¶1} Appellant, Candace D. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to two of her minor children and placed them in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I

{¶2} Mother is the biological mother of K.S., born April 23, 2009; and K.S., born January 19, 2012. Mother has an older minor child who was placed in the custody of his paternal grandfather and is not a party to this appeal. The fathers of K.S. and K.S. did not appeal from the trial court's judgment.

{¶3} Mother voluntarily placed K.S. and K.S. with CSB on August 14, 2013. Both children were later adjudicated as dependent children and CSB eventually moved for permanent custody of them. Mother did not dispute that she was unable to provide her children with a

suitable home because, by that time, she had been convicted of a felony and would remain incarcerated for several years. Instead, she filed a motion for the children to be placed in the legal custody of her adult son.

{¶4} Following a hearing on the alternate dispositional motions, the trial court terminated parental rights and placed K.S. and K.S. in the permanent custody of CSB. Mother filed a timely motion for a new trial, but the trial court denied her motion.

{¶5} Pursuant to App.R. 4(B)(2)(b), the time to appeal from the permanent custody judgment did not begin to run until the trial court denied Mother's motion for new trial. Mother timely appealed and raises one assignment of error.

II

Assignment of Error

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY FAILING TO APPOINT AN ATTORNEY FOR A CHILD AFTER LEARNING OF A CONFLICT BETWEEN THE GUARDIAN AD LITEM RECOMMENDATION AND CHILD'S WISHES.

{¶6} Although Mother has timely appealed from the trial court's permanent custody judgment and its judgment denying her motion for new trial, she does not challenge the trial court's denial of her motion for new trial through her assignment of error and argument. *See* App.R. 12(A)(1)(b); App.R. 16(A)(7). Consequently, this Court does not address the propriety of the trial court denying her motion for a new trial under Civ.R 59.

{¶7} Mother confines her argument to the trial court's permanent custody judgment and argues that the trial court erred in failing to appoint independent counsel for the older K.S. because there was a conflict between her wishes and the recommendation of the guardian ad litem. *See, e.g.*, *In re K.H.*, 9th Dist. Summit No. 22765, 2005-Ohio-6323, ¶ 38. Mother did not file a written motion with the trial court to appoint counsel for the child, nor did she make an oral

request before or during the permanent custody hearing. Instead, she asserts that the trial court should have sua sponte appointed counsel for the older K.S. because "[t]he Court became aware of the conflict at trial, but took no action." Mother's assertion that the trial court became aware of an apparent conflict during the permanent custody hearing is not supported by the record. In fact, nothing in the record before or during the permanent custody hearing even suggests that there was a conflict between the wishes of the older K.S. and the recommendation of the guardian ad litem. Because Mother has premised her argument on facts that do not exist in the record, her assignment of error is overruled.

### III

{¶8} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RANDALL C. BRAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

MARY ELLEN LESLIE, Attorney at Law, for Appellee.

DAVID C., pro se, Appellee.